Shelly & Co. *vs.* Chew & Lawrence.

The sureties in this case are not bound *in solido*, but are bound severally. The bond is for $50,000; but each surety does not bind himself for the whole, or for the same sum. Some bind themselves for $2,000, some for $3,000, some for $5,000. The aggregate of their several obligations is $50,000. This is not technical solidarity. See 2 R. 538. But the plaintiff is entitled to a judgment against each for the whole debt, up to the amount for which each is obligated in the bond. The judge *a quo* has substantially done this by condemning all those who are bound for as much as $2,000 to pay *in solido* that sum; and by condemning those who are bound for a sum greater than the judgment, to pay *in solido* the excess of the judgment over $2,000. It would perhaps have been theoretically more correct, to condemn separately each of those whose obligation was less than the judgment, to pay to the extent of his obligation; and each of those whose obligation exceeded the judgment to pay the whole judgment with the stipulation that there should be but one satisfaction. We know no law that gives these sureties the right of division as against the creditor. What their rights are *inter sese*, will have to be determined, should one of them pay all or more than his share and call on the other for contribution.

The judgment below must be amended, by adding thereto as follows: "It is further decreed that no execution shall issue on this judgment against said sureties until the property of the principal, Eugene Waggaman shall have been discussed."

*Judgment affirmed as amended.*

No. 7300.

## M. SHELLY & CO. vs. CHEW & LAWRENCE.

Where at a meeting of the creditors of an insolvent firm it was agreed that a full and entire discharge of all indebtedness is granted upon the surrender of their books, real estate, bills receivable and all assets of whatever nature belonging to them, and a receiver was appointed by the creditors, the distribution to be *pro rata*, and the assets were delivered as agreed, but certain collaterals were in the hands of other parties before the agreement was made and the receiver never came into possession of them but distributed *pro rata* the assets he received; *held*, these collaterals

cannot be said to belong unqualifiedly to the firm, and that the condition, upon which the release of the defendants depended, had been performed.

APPEAL from the Fourth District Court of New Orleans.   HOUSTON, J.

*Lancaster* for Plaintiff Appellant.   *Huntington* for Defendants.

MANNING, C. J., delivered the opinion affirming the judgment.

No. 7194.

S. W. HAMMOND VS. PETER ROSS ET ALS.

Where there is a voluntary joinder of several claimants in the same proceeding and the aggregate of their judgments is sufficient to give the appellate court jurisdiction, and the appeal is from all of them and the bond is given to cover all, one of them cannot, after the appeal is lodged here, separate himself from the others and demand the dismissal of the appeal because his judgment, or his part of the judgment, is for less than the appealable sum.

The surety to an appeal bond must satisfy whatever judgment is rendered on the appeal, and the proceeding against him is summary and by motion, and cannot be defeated on the pretext that the judgment below was not affirmed in its entirety but was amended.

The transfer of the rights of creditors carries with it the right of action to enforce those rights, whether the form of action be by rule, or suit, or otherwise.

Where an appeal bond had been lost or mislaid, the copy of it in the transcript that had gone up to this court may be used as the basis of a suit, without advertising its loss, and this the more where the execution of the bond is admitted, and it is payable to the clerk, and the suit upon it is by those who have right to enforce it.

APPEAL from the Fifth District Court of New Orleans.   ROGERS, J.

*Braughn, Buck & Dinkelspiel*, and *M'Caleb* for Plaintiff in rule. *Shackleford* for Defendant Appellant.

Hammond provoked a concursus and was condemned to pay sundry persons divers sums, and appealed, giving John Thorn as surety. This court reduced the judgment below, a writ of *fi. fa.* issued and was returned *nulla bona*, and then the judgment creditors proceeded by rule against Thorn.

On motion to dismiss,

MANNING, C. J.   A rule was taken on John Thorn, the surety on